CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA - FILED

MAR 06 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DENNIS ROBINSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:12-cv-00003 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DEPUY ORTHOPAEDICS, INC., et al., ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendants. ) | |

This case is presently before the court on the plaintiff's motion to remand and on the defendants' motion to stay. For the reasons set forth below, the court will grant the defendants' motion to stay and will decline to rule on the plaintiff's motion to remand.

I. **Factual and Procedural Background**

On November 17, 2011, plaintiff Dennis Robinson ("Robinson" or "plaintiff") initiated this lawsuit in the Charlottesville Circuit Court, naming as defendants DePuy Orthopaedics, Inc. ("DePuy"), Johnson & Johnson Services, Inc. ("Johnson & Johnson"), and Commonwealth Surgical Solutions, Inc. ("CSS") (collectively, "defendants"). Robinson seeks to recover against the defendants for injuries and damages allegedly suffered by him after he received a DePuy Pinnacle hip implant manufactured and distributed by the defendants. Specifically, the plaintiff alleges that the defective DePuy Pinnacle caused dangerously high levels of cobalt and chromium to be distributed throughout his body, resulting in metallosis and the need for multiple, painful and complicated revision surgeries to remove the defective hip and the infected and necrotic tissue and bone. (Docket No. 1-1 at ¶¶ 47–52.)

On January 17, 2012, the defendants removed the action to federal court under 28 U.S.C. § 1441(b), which allows for removal based on diversity of citizenship unless any of the defendants are citizens of the state in which the action was brought. 28 U.S.C. § 1441(b) (2006).

The plaintiff is a citizen of Virginia. DePuy is a corporation organized under the laws of Indiana, with its primary place of business in Indiana, and Johnson & Johnson is a corporation organized under the laws of New Jersey, with its primary place of business in New Jersey. However, defendant CSS is a corporation organized under the laws of Virginia. Despite the presence of this nondiverse defendant, the defendants nonetheless obtained removal to federal court based on diversity of citizenship because, according to the defendants, CSS was a "fraudulently joined defendant whose citizenship must be disregarded by the Court." (Docket No. 1 at 3.) Under the fraudulent-joinder doctrine, a court should disregard the citizenship of a defendant where "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993) (emphasis and internal quotation marks omitted).

## II. Motions

On the same day that they removed the case to this court, the defendants also filed a motion "to stay all proceedings in this action pending its likely transfer to MDL 2244, In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability Litigation, currently pending before Judge James E. Kinkeade in the United States District Court for the Northern District of Texas."[1] (Docket No. 3 at 1.) The multitude of lawsuits springing from the widespread injuries associated with the DePuy Pinnacle prompted the United States Judicial Panel on Multidistrict Litigation ("MDL Panel"), on May 23, 2011, to create MDL 2244 to coordinate all federal cases sharing "factual questions as to whether DePuy's Pinnacle Acetabular Cup System, a device used in hip replacement surgery, was defectively designed and/or manufactured, and whether defendants failed to provide adequate warnings concerning the device." In re DePuy

---

[1] In fact, a conditional transfer order was entered in this case on January 24, 2012. Thereafter, the plaintiff filed a notice of opposition to the conditional transfer order. The Judicial Panel on Multidistrict Litigation is scheduled to hear oral argument on the plaintiff's opposition to the conditional transfer order on March 29, 2012, in San Diego, California, at its bimonthly hearing session. (Docket No. 19.)

Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig., 787 F. Supp. 2d 1358, 1360 (J.P.M.L. 2011).

Thereafter, on January 20, 2012, the plaintiff filed a motion to remand, arguing that CSS was not fraudently joined because there is a possibility that the plaintiff could recover against CSS in state court. See Marshall, 6 F.3d at 232–33 ("The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor. A claim need not ultimately succeed to defeat removal; only a possibility of a right need be asserted." (citation omitted)).

The parties filed their respective responsive briefs and the court heard argument on the motions on March 1, 2012. Thus, the motions are ripe for disposition.

### III.  Analysis

A district court possesses the "inherent power" to stay an action to ensure the "efficient management of [its] docket[], Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983), and to promote "economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). When determining whether to grant a motion to stay, a district court must "weigh competing interests and maintain an even balance." Id. at 255. The exercise of weighing and balancing the competing interests at play in this case leads the court to conclude that the defendants' motion to stay must be granted.

Staying this action pending the MDL Panel's decision concerning the plaintiff's opposition to the conditional transfer order will serve the interests of judicial economy and efficiency and will avoid the needless duplication of work and the possibility of inconsistent rulings. See 28 U.S.C. § 1407(a) (stating that multidistrict litigation, which coordinates or consolidates pretrial proceedings in civil actions sharing common questions of fact, can promote

the "just and efficient" conduct of such actions); Moore v. Wyeth-Ayerst Labs., 236 F. Supp. 2d 509, 512 (D. Md. 2002) ("Because it furthers the goals of judicial economy and consistency, the motion to remand will be stayed until the [MDL Panel] can rule on [the defendant]'s motion to transfer."); Sevel v. AOL Time Warner, Inc., 232 F. Supp. 2d 615, 618 (E.D. Va. 2002) (granting a motion to stay pending the MDL Panel's determination regarding the transfer decision in order to avoid "wast[ing] time, energy, and judicial resources"). More specifically, numerous courts have granted stays for judicial economy reasons, in the face of pending remand motions, in cases involving the DePuy Pinnacle.[2] E.g., Transcript at 19–20, Broomfield v. DePuy Orthopaedics, Inc., No. 1:11-cv-01285 (E.D. Va. Jan. 6, 2012) (Docket No. 23) ("[F]or the reasons that the vast majority of the judges in looking at these cases have granted stays, . . . and clearly in a litigation of this magnitude, the granting of the stay will serve judicial economy and promote the efficient resolution of the case and, importantly, avoid the possibility of conflicting judicial determinations."); Lingle v. DePuy Orthopaedics, Inc., Civil No. 11cv1486, 2011 WL 5600539, at *2 (S.D. Cal. Nov. 17, 2011) (rejecting the plaintiff's contention that one defendant was not fraudulently joined and staying the action because a stay "promotes judicial economy, will not unduly prejudice plaintiff, and will avoid prejudice to both parties stemming from potentially duplicative efforts"); Nichols v. DePuy Orthopaedics, Inc., No. C 11-04748, 2011 WL 5335619,

---

[2] The court observes that at least two such cases involve CSS, the same defendant as in the instant case. Broomfield v. DePuy Orthopaedics, Inc., No. 1:11-cv-01285 (E.D. Va. removed Nov. 23, 2011); Hawley v. Johnson & Johnson, No. 3:11-cv-00195 (E.D. Va. removed Mar. 28, 2011). The court acknowledges that these cases do not present the same precise issue, related to CSS, concerning the Virginia Drug Control Act as is presented by the instant case. However, the fact that the instant case might present a distinct issue of Virginia law that is unique to any other case in MDL 2244 does not refute the fact that the instant case indisputably shares a common question of fact, involving the DePuy Pinnacle, with all of the other cases that have been transferred to MDL 2244. See In re Glaceau Vitaminwater Mktg. & Sales Practices Litig., 764 F. Supp. 2d 1349, 1351 (J.P.M.L. 2011) ("Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer."). Furthermore, the very nature of multidistrict litigation obliges the presiding MDL judge to "routinely apply the laws of one or more jurisdictions." Id. at 1351; see also McClelland v. Merck & Co., CIV. No. 06-00543, 2007 WL 178293, at *3 n.6 (D. Haw. Jan. 19, 2007) ("The court finds unpersuasive Plaintiffs' argument that the fraudulent joinder issue is unique to Hawaii. . . . [I]t is not unique in any way for a federal court to consider different state laws when ruling on a wide range of issues, especially in diversity cases."). Finally, the court notes that CSS's presence in other cases in MDL 2244, albeit with respect to different legal issues, will allow the MDL court to streamline the proceedings involving this specific defendant.

at *2 (N.D. Cal. Nov. 2, 2011) (staying the action and declining to rule on the plaintiff's motion to remand because "a stay would best serve the interests of judicial economy"); Davis v. DePuy Orthopaedics, Inc., Civil No. 11-5139, 2011 WL 5237563, at *1 (D.N.J. Nov. 2, 2011) (granting a motion to stay and deferring ruling on a motion to remand for judicial economy and consistency reasons); Freisthler v. DePuy Orthopaedics, Inc., No. CV 11-6580, 2011 WL 4469532, at *2 (C.D. Cal. Sept. 21, 2011) ("The Court concludes that granting a stay pending the MDL panel's transfer determination would conserve judicial resources. First, a stay would avoid the needless duplication of work and the possibility of inconsistent rulings."). In fact, the court observes that the "general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [MDL Panel] has transferred the case." Jackson ex rel. Jackson v. Johnson & Johnson, Inc., No. 01-2113, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001) (citing In Re Ivy, 901 F.2d 7 (2d Cir. 1990)).

The court acknowledges that staying this action could prejudice the plaintiff. However, in performing its balancing function, the court must also consider the prejudice that could accrue to the defendants, and even to the plaintiff, if a stay is not granted pending the MDL Panel's ruling. As discussed above, denying a stay could compel both parties to engage in duplicative litigation and could defeat the important interests of judicial economy and efficiency. It is to avoid exactly such results that MDL proceedings were created in the first place.

### IV.   Conclusion

For the reasons explained above, the court will grant the defendants' motion to stay this

action, pending the MDL Panel's determination on the transfer decision.[3]

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

**ENTER**: This ___6th___ day of March, 2012.

_____
Chief United States District Judge

---

[3] In granting the motion to stay in this case, the court declines to reach the issues presented by the plaintiff's motion to remand. However, the court notes that there is a close question as to whether the plaintiff has stated a viable claim against CSS for negligence per se under the Virginia Drug Control Act. In any event, should the MDL Panel elect to enter a final transfer order in this case, the plaintiff may again bring his motion to remand before the transferee court. See In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig., 787 F. Supp. 2d at 1360 ("Should the transferee judge deem remand of any claims or actions appropriate . . . , then he may accomplish this by filing a suggestion of remand to the Panel."); id. (noting that the "plaintiffs may request that the transferee judge remand their action to the transferor court").